UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOYCE YODER, *Executrix of the estate of* Noah L. Yoder, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Cause No. 1:25-cv-00049-HAB-SLC |
| UPPAL ENTERPRISES, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On February 3, 2025, Plaintiff Joyce Yoder filed a suit against Defendants Uppal Enterprises ("Uppal"), MLT Trans, Inc. ("MLT"), and Gurmanjit Singh in this Court, alleging a state-based negligence claim with jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. (ECF 2). Subject-matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiff's allegations in the Complaint are deficient with respect to the citizenships of all three Defendants, such that the Court cannot verify whether diversity of citizenship exists. In the Complaint, Plaintiff alleges, in support of the claim that diversity of citizenship is met, that "Defendant Uppal Enterprises is a California company located [in] . . . Lodi, California . . . ." (ECF 2 ¶ 3). However, Plaintiff fails to state Uppal's business association composition, in that Plaintiff does not explain whether Uppal is a corporation, limited liability company, partnership, or composed of some other business association. Nor does Plaintiff then provide the Court with the necessary information to determine Uppal's citizenship based on that type of business

association. "The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that . . . complete diversity . . . [is] met." *RBC Mortg. Co. v. Couch*, 274 F. Supp. 2d 965, 968 (N.D. Ill. 2003) (citing *Chase v. Stop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997)). "[A] naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007); *see also Westfield Ins. Co. v. Kuhns*, No. 1:11-CV-00706-JMS-DM, 2011 WL 6003124, at *1 (S.D. Ind. Nov. 30, 2011) ("Allegations invoking the Court's jurisdiction under § 1332 must identify the citizenship of each party to the litigation." (citation omitted)).

Secondly, Plaintiff alleges that "MLT Trans, Inc. is a commercial trucking company/carrier . . . with its principal place of business [in] Stockton, California . . . ." (ECF 2 ¶ 4). For purposes of diversity jurisdiction, a corporation is considered a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). Plaintiff fails to indicate the state by which MLT is incorporated, thus the Complaint is also deficient as to MLT's citizenship.

Lastly, Plaintiff alleges that "Gurmanjit Singh is a resident at all material times in the City of Greenwood, State of Indiana . . . ." (ECF 2 ¶ 5). However, "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.,* 691 F.3d 856, 867 (7th Cir. 2012). While an individual's residence and domicile often align, it is possible they may not. *See Schuld v. Thodos*

No. 21-cv-1807, 2022 WL 888870, at *6 (N.D. Ill. Mar. 25, 2022) ("A person has only one domicile, and it isn't necessarily where that person might reside." (citations omitted)).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase*, 110 F.3d at 427. Plaintiff has not yet done so. Thus, Plaintiff is AFFORDED to and including February 17, 2025, to file a supplemental jurisdiction statement that properly alleges each party's citizenship.

SO ORDERED.

Entered this 11th day of February 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge